IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINDA LEWIS, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-2537-M-BD |
| | § | |
| WAXAHACHIE DAILY LIGHT, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Linda Lewis and her daughter, Alicia, both of whom are citizens of Texas, against a local newspaper, its parent company, and five individuals associated with the newspaper. On September 27, 2011, plaintiffs tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiffs in their pauper's affidavit indicates that they lack the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiffs in order to obtain additional information about the factual basis of this suit. Plaintiffs answered the interrogatories on October 14, 2011. The court now determines that this case should be summarily dismissed for lack of subject matter jurisdiction.

62

II.

Beginning in March 2010, plaintiffs were the subjects of a series of articles published in the *Waxahachie Daily Light* about contempt and assault charges brought against them in Ellis County, Texas. According to plaintiffs, the articles contained false and defamatory information about the court proceedings and the criminal charges. More particularly, plaintiffs fault the newspaper and its employees for publishing false information about the case, for failing to investigate the underlying criminal charges, for repeatedly displaying their arrest photos in the newspaper, for not interviewing them, and for not publishing information about their innocence and eventual exoneration. (*See* Plf. Compl. at 2-3). By this suit, plaintiffs seek $21 million in damages for "libel, defamation of character, slander, actual malice and libel by implication." (*See* Mag. J. Interrog. #2, 6(c)). Plaintiffs also seek a court order compelling defendants to publish an article "admitting that their printing tactics were unprofessional and wrong . . . including a one on one interview with [their] personal handpicked photo." (*See* Mag. J. Interrog. #2).

A.

The court must initially examine the basis for federal subject matter jurisdiction. Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331 & 1332(a). A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 771 (1996).

Plaintiffs do not allege a cognizable claim arising under federal law. In their complaint and interrogatory answers, plaintiffs make clear that their claims against defendants are based upon various theories of defamation, including libel and slander. Such claims arise under Texas law, not federal law. *See Waddleton v. Blalock*, 277 F.3d 1374 (Table), 2001 WL 1485851 at *1 (5th Cir. Nov. 16, 2001), *citing Geter v. Fortenberry*, 849 F.2d 1550, 1556 (5th Cir. 1988) (claims for defamation, including libel and slander, are state law matters not actionable under any federal statute).[1]

Nor is there any basis for federal diversity jurisdiction. It is apparent from the face of the complaint and interrogatory answers that plaintiffs and all defendants are citizens of Texas. (*See* Mag. J. Interrog. #6(b)). Because there is no basis for federal subject matter jurisdiction, this case must be dismissed.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge

---

[1] Although plaintiffs believe that a federal jury will be less susceptible to bias than a state jury, (*see* Mag. J. Interrog. #5), that is not enough to establish federal subject matter jurisdiction.

is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing

the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  October 21, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE